**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Connor Jensen,                                    Case No. 25-cv-3441 (JMB/SGE)

        Plaintiff,

v.                                                **REPORT AND**
                                                  **RECOMMENDATION**

College Town Pizza, Inc.,

        Defendant.

---

This matter is before the Court *sua sponte*. On January 12, 2026, this Court entered Order directing Plaintiff to serve defendant. (Dkt. 7.) On February 24, 2026, this Court issued an order to show cause within twenty-one days why his claims should not be dismissed. (Dkt. 8.) The Court warned that failure to comply with the Order may result in a recommendation that this action be dismissed for failure to prosecute. (*See id.*)

As of the date of this Order, Mr. Jensen has not made any filings. The Court is cognizant of the fact that Mr. Jensen is pro se. And although pro se pleadings and filings are to be viewed charitably, pro se litigants are not excused from complying with the Local Rules and the Federal Rules of Civil Procedure. *E.g.*, *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Mr. Jensen has been provided a summons for the Defendant. (*See* Dkt. 6.) Based on the information in the docket, Mr. Jensen has failed to achieve effective service upon Defendant as required by the Federal Rules.

Federal Rule of Civil Procedure 41(b) states:

> If a plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A federal court need not wait for a motion to dismiss by a defendant; a court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991); see also *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (citations omitted) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."). Further, if a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant" unless the plaintiff shows good cause for extending the time for service. Fed. R. Civ. P. 4(m).

Because Mr. Jensen has not satisfied his obligations under the Federal Rules to achieve service upon the Defendant, and has not shown good cause for the failure, this Court will recommend that his case be dismissed. The law requires that Mr. Jensen participate in his lawsuit. He has not done so even though he has been notified that if he did not, his case might be dismissed. This Court is recommending dismissal "without prejudice," which means that Mr. Jensen is not prohibited from re-filing his case if the law allows. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Based on the above, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Date: April 2, 2026                                     *s/Shannon G. Elkins*
                                                       SHANNON G. ELKINS
                                                       United States Magistrate Judge

### Filing Objections

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).